UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS THEODORE DIXON,

       Petitioner,

v.                                    CASE NO. 10-cv-12527
                                         HONORABLE JOHN CORBETT O'MEARA

BLAINE LaFLER,

       Respondent.

_____/

**ORDER DENYING PETITIONER'S
MOTION FOR A CERTIFICATE OF APPEALABILITY**

**I. Introduction**

Petitioner Thomas Theodore Dixon has appealed the Court's denial of his petition for the writ of habeas corpus. The habeas petition challenges Petitioner's convictions for second-degree murder and possession of a firearm during the commission of a felony (felony firearm). The convictions arose from allegations that Petitioner shot two men who were seated in a car on Eaton Street in Detroit on January 8, 2003. The man in the driver's seat survived the shooting, but the man in the passenger seat died from two gunshot wounds to his back. Two years later, an informant notified the police that Petitioner was responsible for the shootings, and on August 2, 2005, Petitioner was arrested. He subsequently admitted to a detective that he fired six gunshots at the car where the victims were seated on January 8, 2003.

On January 11, 2006, Petitioner pleaded guilty to second-degree murder, Mich. Comp. Laws § 750.317, and to felony firearm, Mich. Comp. Laws § 750.227b. The trial

court sentenced Petitioner to two years in prison for the felony firearm conviction, followed by eighteen to thirty years in prison for the murder conviction. The Michigan Court of Appeals denied leave to appeal for lack of merit in the ground presented, *see People v. Dixon*, No. 270126 (Mich. Ct. App. June 12, 2006), and on October 31, 2006, the state supreme court denied leave to appeal because it was not persuaded to review the issues. *See People v. Dixon*, 477 Mich. 917; 722 N.W.2d 874 (2006) (table).

Petitioner raised his habeas claims in a motion for relief from judgment, which the trial court denied. The Michigan Court of Appeals and Michigan Supreme Court denied leave to appeal the trial court's decision for failure to establish entitlement to relief under Michigan Court Rule 6.508(D). *See People v. Dixon*, No. 292732 (Mich. Ct. App. Oct. 30, 2009); *People v. Dixon*, 486 Mich. 927; 781 N.W.2d 814 (2010) (table).

Petitioner filed his habeas corpus petition in this Court on June 25, 2010. He alleged that (1) the prosecutor engaged in selective prosecution, (2) the trial court abused its discretion when it permitted the prosecutor to conduct the investigation for the plea proceeding, (3) trial counsel's actions manifested gross negligence, and (4) the offense variables of the Michigan sentencing guidelines were scored inappropriately. The Court found no merit in these claims and denied the petition on July 1, 2011.

Petitioner now seeks a certificate of appealability on his claim about the trial court's scoring of offense variables six and seventeen of the Michigan sentencing guidelines. Petitioner contends that there was no justification for the severe sentence imposed and that the trial court unfairly penalized him on the basis of materially untrue information.

## II. Standard of Review

"[A] prisoner seeking postconviction relief under 28 U.S.C. § 2254 has no automatic right to appeal a district court's denial or dismissal of the petition. Instead, [the] petitioner must first seek and obtain a [certificate of appealability.]" *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. . . . When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

### III. Discussion

Petitioner contends that offense variable six of the state sentencing guidelines (intent to kill or injure another individual) was incorrectly scored fifty points for a premeditated murder. Petitioner alleges that the score should have been ten points for a killing committed "in an extreme emotional state caused by an adequate provocation," Mich. Comp. Laws § 777.36(1)(c), because the deceased victim had threatened him in the past.

Petitioner also alleges that he should have received no points, instead of ten points, for offense variable seventeen (degree of negligence exhibited), because he received points under offense variable six and the statute prohibits a score of ten points

3

for offense variable seventeen if points were given for offense variable six. *See* Mich. Comp. Laws § 777.47(2).

The Court determined in its dispositive opinion that Petitioner waived review of his sentencing claims by agreeing to the sentence he received as part of the plea bargain. The Court also concluded that Petitioner's sentencing claims were not cognizable on habeas review because they alleged mere errors of state law. *See Lewis v. Jeffers,* 497 U.S. 764, 780 (1990) ("[F]ederal habeas corpus relief does not lie for errors of state law."). Finally, the Court determined that there was an adequate basis for the scoring of offense variable six because the facts indicated that Petitioner contemplated his conduct and acted deliberately. As for offense variable seventeen, the Court stated that any error in the calculation was harmless because the facts supported a score of five points, and Petitioner had failed to show that a difference of five points would have changed the final guidelines range.

Petitioner has failed to show that the trial court relied on "extensively and materially false" information, which he had no opportunity to correct. *Townsend v. Burke*, 334 U.S. 736, 741 (1948). Reasonable jurists, therefore, would not find the Court's assessment of Petitioner's sentencing claims debatable or wrong. Accordingly, Petitioner's motion for a certificate of appealability on his sentencing claims [dkt. #12] is **DENIED**.

                                                  s/John Corbett O'Meara
                                                  United States District Judge

Date:  September 14, 2011

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, September 14, 2011, using the ECF system and/or ordinary mail.

s/William Barkholz  
Case Manager